FINLEY v. CUDD.

1. Costs.—An appellant suing *in forma pauperis*, under section 343 of Civil Code, is entitled to tax costs against respondent for typewritten copies of "Case" and "Argument," under section 326 of Civil Code.
2. Ibid.—An appellant is not entitled to tax $10 for "making and serving a case containing exceptions," under section 2551 of Revised Statutes of 1893.

Obiter Dictum.—Party is not entitled to tax for printing an extended argument, but only for "Points" and "Authorities."

Before FRASER, J., Spartanburg, October, 1894. Modified.

Action commenced by Joseph Finley against J. N. Cudd and O. S. Roberts. Judgment for defendant. Plaintiff appealed *in forma pauperis.* Appeal sustained, and this contest arises over taxation of plaintiff's costs on appeal.

*Messrs. Duncan & Sanders,* for appellant.

*Messrs. Nichols & Jones,* contra.

Sept. 9, 1895. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. It seems that the plaintiff appealed from a judgement rendered in favor of defendants, and succeeded in having the same reversed. Subsequently the parties, by their attorneys, appeared before the clerk for the purpose of having the costs and disbursements of said appeal taxed by him. A controversy arose as to two of the items in the bill of costs proposed by the plaintiff: "1st, making and serving case containing exception, $10, and, 2d, amount paid for six typewritten copies of case and eight typewritten copies of the argument, $20."

The clerk allowed the first item, but disallowed the second, and adjusted the costs accordingly. To this adjustment both parties excepted—the plaintiff, upon the ground of error in disallowing the second item above stated, and the defendants, upon the ground of error in. allowing the item first above stated. Upon these exceptions the case

was heard by his Honor, Judge Fraser, who rendered judgment, overruling plaintiff's exception, and sustaining the exception of defendant.

From this judgment plaintiff appeals upon the grounds set out in the record, which make but two questions: 1st, whether the plaintiff was entitled to tax as necessary disbursement, the amount paid by him for typewritten copies of the "Case" and argument; 2d, whether plaintiff was entitled to tax as costs $10 for making and serving case and exceptions for the purposes of his appeal.

It seems that the plaintiff, having made the necessary affidavit, was relieved from the necessity of *printing* his "Case" and points and authorities, and was allowed to present the same in typewriting, under section 343 of the Code, and the practical inquiry presented by the first question is, whether the plaintiff is entitled to tax, as a necessary disbursement, the amount which he was required to pay for the typewritten copies, which he was allowed to substitute for printed copies. We suppose that there can be no doubt that, if the plaintiff had used printed instead of typewritten copies, he would have been allowed to tax, as a necessary disbursement, the amount necessary to be paid for printed copies, as such printed copies are required by Rule VI. (except in cases falling under section 343 of the Code above cited), and constitute, therefore, a necessary disbursement; and by section 326 of the Code, the clerk is required to insert in the entry of judgment, "the sum of the allowances for costs and disbursements, as provided by law, the necessary disbursements, including the fees of officers allowed by law, the fees of witnesses, the reasonable compensation of commissioners· in taking depositions, the fees of referees, and *the expense of printing the papers for any hearing, when required by a rule of the Court*" (italics ours). Now, if parties are allowed the expense of *printing* papers, because such printing is required by a rule of Court, surely a party who, on account of his poverty, is allowed to substitute

manuscript or typewritten copies for printed copies, should
be entitled to a similar allowance for the expense incurred
in obtaining the authorized substitute; and such, we are
satisfied, was the true intent of the Legislature.  We think,
therefore, that the Circuit Judge erred in disallowing the
item charged as a necessary disbursement, in procuring
typewritten copies of the "Case" and "points and authori-
ties."  We desire to add, however, in order to avoid any
misapprehension in future, and not as applicable to this
case, inasmuch as the point was not raised either before the
clerk or the Circuit Judge, that we are not to be under-
stood as saying that a party is entitled to charge for the
expense of printing an extended *argument*, for the rules do
not require the *argument* to be printed, but only the
"*points and authorities.*"   See Rules 8 and 9 of this Court.

As to the second question, we concur with the Circuit
Judge.  It is well settled that the right to costs depends
wholly upon statute; and hence, when a claim to any
given item of costs is asserted, the claimant must be
able to point to the statute allowing such item.
*Scott* v. *Alexander*, 27 S. C., 15.   Here the item of costs
claimed is for making and serving a case containing excep-
tions, for the purposes of an appeal to the Supreme Court—
$10—and the statute referred to as authorizing the charge
of the item is sec. 2551 of the Rev. Stat. of 1893.   From
the express terms used in that section, it is very manifest
that its provisions relate only to costs in the Circuit Court,
and no reference whatever is made to the costs of an appeal
to the Supreme Court until we reach the third line from
the end of the section, where we find these words, after a
semicolon: "on appeal to the Supreme Court, fifteen dol-
lars; on argument in Supreme Court, twenty dollars."   Re-
liance, however, is placed upon the last sentence of the
section, which reads as follows: "The following costs shall
be allowed in all classes of cases, legal or equitable: for the
plaintiffs' or defendants' attorneys, for making and serving a
case or case containing exceptions, ten dollars; for procur-

ing an order of injunction, five dollars; an appeal to Supreme Court, fifteen dollars; on argument in Supreme Court, twenty dollars." Now, when, as we have said, it is obvious that in the preceding portion of the section, which is headed, "plaintiffs' and defendants' attorneys costs in equity cases," the reason for the language used in the first part of the last sentence is manifest. The previous portion of the section having been devoted to declaring what costs should be allowed in *equity* cases, when the provision establishing the amount of costs to be allowed for making and serving a case, or a case containing exceptions, was reached, inasmuch as the necessity for doing that might arise in a law as well as in an equity case, the language used was very natural: "The following costs shall be allowed in all classes of cases, legal or equitable, &c.;" it will be observed that the language used is *not*, as the appellant's counsel has it in his argument, in all cases, but "in all classes of cases," whether legal or equitable, in order to show that while the legislature, in the previous portion of the section, had been providing for costs in *equity* cases, the intention was that this particular provision should not be confined to equity cases, but should embrace all classes of cases, whether legal or equitable. It will also be observed that in this last sentence the language is *not* in all cases in *any* court, as the argument of counsel for appellant requires us to assume; and, on the contrary, the language used is entirely appropriate to the idea that the legislature was still dealing with costs in the Circuit Court; and not until the last three lines of the sentence is reached is there a a single word indicating a purpose to provide for costs in any other court; but when those lines are reached, then, for the first time, the intention to provide for costs in the Supreme Court is indicated. We do not think, therefore, that either this statute or any other which has been brought to our attention, provides for costs in making or serving a case, or a case containing exceptions for the purpose of an appeal

to the Supreme Court, and there was no error on the part of the Circuit Judge in so holding.

The judgment of this Court is, that the judgment of the Circuit Court be modified as herein indicated, and that the case be remanded to that Court for such further proceedings as may be necessary to carry out the views herein announced.