WESTERN UNION TEL. CO. v. TOWN OF WINNSBORO.

APPEAL—COSTS.—A proceeding before a Justice of this Court for a
restraining order is regarded as an ordinary action for injunction,
and on appeal therefrom losing party is liable to taxation against
him of costs as in an ordinary appeal.

Motion in this Court by plaintiff to set aside taxation of
costs by clerk of this Court.

*Messrs. Buchanan & Hanahan,* for the motion.

*Messrs. Ragsdale & Dixon,* contra.

June 29, 1905.

*Per Curiam.*—The Western Union Telegraph Company,
petitioner, applied to his Honor, Associate Justice Gary, at
chambers, for an injunction restraining the town of Winns-
boro from collecting a license tax. The application was re-
fused, the petitioner appealed, and the decree of Associate
Justice Gary refusing the injunction was affirmed by this

Court.   (71 S. C., 231.)   Thereupon the clerk of this Court. at the instance of attorneys for the defendant, taxed the costs of appeal.   The petitioner now moves to strike from the taxation the two items, $25 for argument in Supreme Court and $4.80 for printing argument.

Section 3098 of the Civil Code provides: "When an appeal is taken to the Supreme Court of this State, the follow-. ing costs shall be allowed in ·all classes of cases, legal or equitable: * * * on argument in the Supreme Court, twenty-five dollars."   The petitioner insists this provision for costs applies only to appeals from an inferior tribunal to the Supreme Court, and that this was not such an appeal, but a proceeding in the original jurisdiction of the Court.   The fact that the petitioner appealed to the Supreme Court under section 11 of the Code of Procedure from an order made by a Justice of this Court granted at chambers, and not from a judgment of the Circuit Court, does not affect the question. Section 3098 applies in either case.   This must be regarded an ordinary action for injunction, but even if it could be considered a special proceeding the result would be the same. *Sease* v. *Dobson,* 36 S. C., 555, 15 S. E., 703.

It was held in *Finley* v. *Cudd,* 45 S. C., 88, 22 S. E., 753, that the expense of printing "points and authorities" may be taxed as a disbursement.   The paper here termed "argument" is short enough to be regarded the "points and authorities," and it was proper to allow as a disbursement $4.80, the actual expense of printing it.

The motion of the petitioner, the Western Union Telegraph Company, is refused.